```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

UNITED STATES OF AMERICA,      :
                               :
    Plaintiff,               :
                               :
v.                             :       CASE NO. 3:99CR267 (AWT)
                               :
PHILIP A. MADONNA,             :
                               :
    Defendants.              :

<u>RULING AND ORDER ON WAGE GARNISHMENT</u>

The defendant, Philip A. Madonna, has challenged a Writ of Garnishment issued by this court on November 2, 2005 (doc. #37).[1] After a hearing on February 14, 2006 and supplemental briefing by the parties, the court rules as follows.

**I.   FACTUAL BACKGROUND**

On November 19, 1999, the defendant pled guilty to one count of theft concerning programs receiving federal funds.  Defendant was sentenced on May 25, 2000 and ordered to pay restitution in the amount of $34,500.00, a criminal fine of $4,000.00 and a $100.00 special assessment.

Defendant paid the special assessment on October 6, 2000.  By September 10, 2004, the defendant paid the principal amount due on the restitution order, and had remaining only a principal balance of $325.00 on the fine.  The Government sought payment of interest

---

[1] On December 5, 2005, the defendant filed a Request for Hearing on Wage Garnishment.  (Doc. #38.)  The motion was granted by the court on December 28, 2005 (doc. #42), and a hearing was held on February 14, 2006.

on the restitution and fine in the amount of $7,814.76, as well as the $325.00 principal amount remaining due from the criminal fine. When the defendant refused to pay these amounts, the Government applied for and obtained a Writ of Garnishment on November 2, 2005. (Doc. #37.)

Defendant challenges the Writ of Garnishment, arguing principally that he should not be obligated to pay the interest now demanded by the Government because he did not receive notice at the outset that such interest would be charged. Defendant argues alternatively that the court should modify the restitution order because he is financially unable to pay the accrued interest.

**II. DISCUSSION**

Defendant's challenge to the garnishment of his wages is governed by 28 U.S.C. § 3202(d), which allows a party challenging a garnishment order to request a hearing in order to challenge the order. That statute expressly limits a hearing to the following issues:

> (1)  the probable validity of any claim of exemption by the judgment debtor;
>
> (2)  compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3)  if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –
>
>>    (A)  the probable validity of the claim for the debt which is merged in the judgment; and

(B) the existence of good cause for setting aside such judgment.

The defendant's arguments do not fall within any of the categories enumerated above, and the court is therefore unable to consider them in the context of this hearing. Defendant's primary argument is that he is not obligated to pay interest because he never received notice -- at the time he pled guilty to the crime -- that interest would be charged on the restitution or fine amounts.[2] This argument does not relate to whether any property that the defendant currently owns would qualify for an exemption from the garnishment order, or whether there was a failure by the Government to comply with any statutory requirements for the issuance of the garnishment order. See 28 U.S.C. § 3202(d)(1) and (2).[3] Instead, the defendant challenges the scope of the original judgment, which is improper in the context of this hearing. See, e.g., United States v. Smith, 88 Fed. Appx. 981, 2004 WL 414822, *1 (8th Cir. Mar. 8, 2004) (movant cannot challenge the validity of fine imposed under 28 U.S.C. § 3202(d)); United States v. West Indies Transport Co., Inc., 35 F. Supp. 2d 450, 454 (D.V.I. 1998) ("[t]he issues

---

[2] The government argues that, under 18 U.S.C. § 3612(f), interest accrues on all fines and restitution amounts as a matter of law, and thus no specific notice was necessary. See 18 U.S.C. § 3612(f)(1) ("The defendant shall pay interest on any fine or restitution more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment").

[3] Had the writ of execution involved a default judgment, the defendant could have raised additional arguments under 28 U.S.C. § 3202(d)(3). This case did not involve a default judgment.

that may be addressed at the hearing are limited by the Act and include 'the probable validity of any claim of exemption by the judgment debtor' and 'compliance with any statutory requirement for the issuance of the postjudgment remedy'").

Alternatively, defendant argues that he is unable to pay the garnishment order, and requests that the court modify the garnishment order accordingly. A claim that the individual is unable to afford the amount of the garnishment is not a permissible defense under 28 U.S.C. § 3202(d). See United States v. Mahar, 42 F.3d 1389, 1994 WL 657089, *1 (6th Cir. Nov. 21, 1994) ("we conclude that Mahar's argument that he is unable to afford the amount of the garnishment is not a permissible defense to raise under 28 U.S.C. § 3202(d)").

As stated above, the court's review of a writ of garnishment is extremely limited by statute. The arguments raised by the defendant are outside the scope of 28 U.S.C. § 3202(d), and the court is therefore unable to consider them in this context.

**III. CONCLUSION**

For the foregoing reasons, the defendant's request to quash this court's garnishment order dated November 2, 2005 is DENIED.

SO ORDERED at Hartford, Connecticut this 9th day of June, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge